Good morning and welcome to the Ninth Circuit. I'm Bridget Beatty. I have my chambers here in Phoenix and I'm very pleased to welcome Judge Ken Lee and Judge Susan Graber to sit with me this morning here in Phoenix. We have submitted several cases. We have two cases for argument this morning. The first is Rios-Rocha v. Bondi. It's number 19-73287. I see we have one attorney on video. Before we start, Mr. Pryby, you were here earlier this week on video. Can you hear us? Yes, Your Honor. Can you hear me? Yes, we can hear you as well. Thank you. Thank you. Counsel, whenever you're ready to proceed. Good morning. May it please the Court. My name is Liz Bradley. I'm counsel for Petitioner Mr. Roberto Rios-Rocha. I'd like to reserve three minutes of my time for rebuttal and I will watch my clock. This case involves one simple and egregious legal error, the exclusion of a potentially dispositive expert report in a cancellation of removal case. I will discuss three reasons why this was a legal error, but you only need one to grant relief. I'm sorry to stop you so soon before you even got to list the three reasons, but why is this a legal error rather than an evidentiary decision that we would review for an abuse of discretion? You'll have to remind me of Castillo. I thought that was when the IJ did not consider evidence. That was legal error, not an issue of an evidentiary ruling. Yes, that's when an immigration judge does not consider an expert report. In this case, the expert report was not even admitted and therefore, by necessity, it was not considered. And the reasons it was not admitted and considered all are improper. In each, I'll go over three reasons why that was a legal error. As I understand it, the IJ did not explain the exclusion. Am I missing something there or was it only the BIA that filled in reasons? You are absolutely correct, and that was the first threshold legal error in this case, and this court may remand on that basis alone. Under Lynn, if an immigration judge is going to exclude evidence, it must articulate a legitimate and articulable basis and provide specific and cogent reasons for the exclusion. And here, if you look at AR 18 through 19, there's a very short exchange. DHS objected to the Dr. Warner's report and the immigration judge sustained the objection and excluded the evidence but provided no reasons for doing so. It may very well be error to exclude on that basis, but it does seem that the record does show us why and what the immigration judge was thinking. Respectfully, Your Honor, there's a few reasons that were proffered by the department, but because the judge actually made no finding. I agree with you to that point, but there was an exchange. It's not like nothing happened. You said there was an objection that was sustained. That's not exactly what happened. But in any rate, assume we agree with you that this was an error to exclude the declaration. Why do we not then review to see if there was any prejudice and if it was harmless error? The court may reach the constitutional issue if it so chooses, but under UDO, when the agency makes a legal error by excluding or refusing or failing to consider evidence and this court may remand on that legal error alone, it does not need to reach the prejudice issue. It does not need to consider whether that legal error also was a due process violation. But if this court would choose to reach the constitutional issues, then I believe Cruz Rendon is instructive here. There, the immigration judge, the court held that the immigration judge had violated due process and prejudice respondent by precluding testimony regarding her and her husband's medical and educational issues in a cancellation of removal case, just like this one. And though there were some evidence in the record on those issues, the court held that had Cruz Rendon been permitted to offer more detail about the petitioner's husband in that case, medical and educational issues, the immigration judge's conclusion might have been different. And that may or might is important here because the prejudice prong, you don't need to conclusively show there would have been a different decision, but thus that it may or might have been different. And so it would have to be somewhere between just speculation that it could be different and certainty that would be different. Applying this somewhat subjective standard in here, we don't have to speculate about what additional evidence might have been offered or the detail that could have been provided because we're talking about a declaration. So we know exactly what the evidence would be. And it's the doctor's statement that the removal of the petitioner could cause stress to the younger son that could exacerbate his asthma. That's it. That's the totality of what would have come in. So we would have to conclude that that could have made a difference given the rest of the record. All the other information about the younger son's health history, his asthma, days of school he's missed or not missed, and the other findings the agency made with respect to the younger son still receiving medical care, that that would not be impacted. Against that backdrop, we would have to conclude this would make a difference. At least it is likely that the immigration judge would have done something different. I'm having a hard time seeing that that standard is met. Is the standard likelihood or possibility when evidence was not considered? I believe the standard is that it could potentially have made a difference. I don't think that's even a likelihood standard. It could potentially have made a difference. The may or the might standard. Not that it conclusively would have made a difference. Had any other evidence come in discussing the issues with aggravated asthma and the effect potentially on the mother? Yes, Your Honor. There was evidence that were not considered. And again, the court doesn't need to reach the prejudice prong because there are several legal errors. I'm sorry. I may not have been clear. Beyond this expert's declaration, was there other evidence in the record about the mother's ability to keep a job? Yes. One piece of evidence in the record that the BIA never mentioned or addressed is the wife has a diagnosis of PTSD. She's had some pretty severe symptoms in the past as a result of her severe prior abuse by her former partner. The immigration judge mentions emotional hardship in passing, but the BIA never considers the future and potential psychological hardship on the mother or the child. Also, the elder son also has some prior trauma from his biological father's prior severe abuse. That evidence is at 228 for the PTSD diagnosis and 249 for the son's prior trauma. There also was a report by a licensed clinical social worker, Luz Bernal-Harvey, who said that based on the particular family's history and specific circumstances, Mr. Rios's Rocha's removal will severely and traumatically affect his family in the future. And under Sokovich, I believe it was, the failure to address potential psychological hardships in a hardship analysis under the cumulative assessment is also a legal error that is grounds for remand. We can go back to whether it was proper for the IJA to exclude the doctor. Looking at the transcript here, the DHS attorney mentions that she's not the treating doctor, but then she says the doctor had allegedly mischaracterized the treatment notes, calling the asthma moderate. But then DHS attorney says, well, there's other things that another doctor said it was actually intermittent. And then the judge asks the attorney, is she going to testify? Says no, she's going to testify through affidavit. Then that's when the IJA excludes the expert testimony. Why isn't that a legitimate basis? The IJA is saying there's potential inconsistency in the notes and her affidavit. I really don't know how to assess that. And she's not going to testify, so she can't explain it. So I'm going to exclude that affidavit. So there are two reasons why that was still improper. First, the immigration judge and the BIA also discredited DHS's assertion that there was a mischaracterization without conducting their own independent assessment of the record to make sure that was true. But, I mean, I guess with an IJA, I mean, that's why you need the expert to testify, to explain it, rather than have lawyers explain medical issues or the IJA trying to guess and figure out medical issues. That's why you have experts. And I guess it's not unreasonable for the IJA to say, well, there's a potential inconsistency. I don't know how to explain it. Maybe I might have a hunch, but I'm not the expert. So if that person is not going to testify and can't explain it, I'm not going to consider it. First, there was actually no inconsistency in the record. The judge never bothered to even look. Had he done so, he would have seen that the son's diagnosis is and has always been moderate persistent asthma. It shows up over a dozen times in the medical records reviewed by Dr. Werner and also submitted into the record. In the bottom of each El Rio medical record, every single visit, it says problem list, asthma, moderate persistent. The Banner medical records say impression, asthma, moderate persistent with poor control. The alleged inconsistency was readily verifiable in the record. It's unclear what the doctor would have testified to besides, I did not mischaracterize the diagnosis. You got it wrong. Counsel, again, the IJ never explicitly said I'm doing this because the affidavit contains factual errors. Only the BIA said that directly, correct? That's correct. And that is also a legal error. The immigration judge needs to provide reason. And that's a finding of fact. Whether the affidavit contains factual errors is a finding of fact. That's correct. It's an impermissible finding of fact the board is not permitted to do. When an immigration judge does not make a factual finding, the board under the regulation is not permitted to supplant their own judgment and make a factual finding in the IJ's absence. So let me ask you about this issue in a slightly different way. Suppose the IJ had admitted the declaration and then said I'm giving it zero weight. It's in, but I'm not considering it because I'm not considering it. Then what? Would you still be arguing this was legal error? The judge would have to provide a legitimate and articulable basis. Under Cole and Castillo, if the agency, and under MEDR-JGT as well, if the immigration judge is going to reject expert testimony, they must state a reason for disagreeing with the expert in the record. Otherwise, it is legal error that is per se reversible. The immigration agency has wide discretion what weight to give, but they still need to articulate the reasons for discrediting or rejecting expert testimony. And here they provided none. So it wouldn't just be okay to say I admit it but give it no weight. You'd have to look at the reasonings why the agency gave it no weight. And here we have no reasoning. With that, I'd like to reserve my time. All right. Thank you. Thank you.  May it please the court, Christopher Pryby for the Attorney General. May I request that the clock be displayed on my screen? Thank you. The diagnosis was, the question of whether the diagnosis was mischaracterized and whether the affidavit had inaccuracies, this is a factual issue that this court has no review over. Well, counsel, that's exactly the problem because the IJ, you are correct that that is a factual question. But the IJ never made any factual finding. Only the BIA did, and that is counter to the regulations. The IJ heard argument but didn't even literally say I think that this contains factual errors, specifically mischaracterizing the asthma type. Only the BIA said that. So why isn't that the end of the issue? It doesn't mean that the petitioner would win. That isn't really the question in front of us. It's just whether the BIA followed its own regulations. I do not see in the brief, in the blue brief, where this issue of improper fact-finding was raised by the petitioner. So the issue might be forfeited. And besides that, Did you argue that in your brief? We did not need to, Your Honor, because if it was first raised in the gray brief, which was late filed and which we did not have an opportunity to respond to. So this would be our first opportunity to respond to that. And so in your view, OK, I understand your argument. And also, is that a fact-finding that is supported by the record, would be the next question for you, I guess. Well, that is not a question that this court may review. Under 8 U.S.C. 1252a-2b, this court may not review any judgments relating to findings of fact, at least for the cancellation of removal cases. So this comes in through Wilkinson and Gonzalez-Juarez. So you're allowed to, you have substantial evidence review over the application of facts to the EEUH standard, but you do not have review over whether the facts themselves are, what the facts themselves are. Indirectly, though, let me just ask this. If it is clear that the expert affidavit should have been considered but was not, why is that not a legal error of failing to consider all the hardship factors in the aggregate as is required? So, first of all, I want to address one other response I had to your previous question, which is, why is this not an improper fact-finding, besides any potential forfeiture problems under long-standing administrative law principles, when an agency decision is reasonably discernible, even if it's not entirely clear, this court should not reverse based on that. And in this case, because the IJ… How is that compatible with the regulation that says the board will not engage in fact-finding in the course of deciding cases? That's a quote. And how is that consistent with our cases saying that if the board fails to follow that regulation and makes factual findings, it has committed an error of law that we correct? I'm talking about the IJ, not the board, Your Honor. Here the IJ sustained an objection after an explanation of the factual and legal deficiencies with the affidavit. The reasonable understanding is that these were the reasons that the IJ sustained the objection. And then one of those is a factual issue, one of them is a legal issue, and then the board affirmed for those reasons. Okay, would you then answer my question about whether if it is clear that there was an error of law in failing to consider the affidavit at all, why isn't that a legal error of failing to consider all the hardship factors as is required? Although failing to consider the affidavit, if it were required to be considered, would be a legal error, in this case it was not required to be considered. Under the unreviewable fact, which is that it was a non-treated doctor who was incorrectly characterizing the diagnosis, there is no probative value to that piece of evidence. And therefore, if it's not probative, it does not satisfy the admissibility standard of probative and fundamentally fair. So if we were to disagree with you about its relevance or probative value, I understood you to concede that it would be legal error to fail to consider all the hardship factors. In general, that is a true statement, but there is also the question of prejudice, which this court would also, in Zamorano for example, Now how do we have authority to do that when there's been a legal error? Don't we have to, under SEC v. Chenery, have to send something back if there's a legal error? Sending something back doesn't mean the petitioner necessarily wins, it just means that the agency has a do-over when it's made a mistake. I have a hard time understanding why the government is fighting so hard against this, honestly. Under Zamorano, this court must take into account the principle of harmless error. And in this case, if there's no prejudice, then there's no harmless error. You think under INS v. Ventura we get to do that? INS v. Ventura, yes. I believe Zamorano is relatively recent, so it would also post-date all these other cases that I believe you mentioned. They were Supreme Court cases, so if they say what I think they say, it doesn't matter what we've said, does it? Under this court's rules, no, you have to follow binding panel case law until it's been either overruled or completely undermined by subsequent Supreme Court precedent or by this court en banc. In any case, there is no prejudice for two reasons. First of all, again, there's a forfeiture problem. The blue brief does not address in any meaningful way what prejudice was caused by this, by excluding the affidavit. There are only two instances I found that said this, that even addressed it. It said generally that failing to properly consider all hardship in aggregate and the future implications of his medical problems and their impact on the family and that the affidavit went directly to the heart of the extreme and unusual hardship that would be inflicted. But none of that explains why that—it's just generalities. It doesn't cite anything specific in the record, which this court requires. Look at Hernandez, 47 F. 4th, 908, Penn site, 916. Because there's not enough there to really explain what the problem would be with— what is the thing that having this affidavit in the record would have allowed petitioner to argue, that's a forfeited argument, and so it's not properly before this court. And in any case, the board itself found the exclusion to be harmless. The board explained that even considering the affidavit, other factors predominated. The board cited pages 9 and 10 of the IJ's decision, which are AR 57 and 58. And so, again, looking at the factors that are considered on those two pages related to this decision, we have things like the amount of school missed was not abnormal. The petitioner would be able to work and send money home. The child would be able to get Arizona state-sponsored health care and food stamps. And the records did not indicate that asthma was serious. And the agency—OK, so there we have four unreviewable factual findings by the IJ. And then, based on those factors, the board could reasonably find that the affidavit's evidence would not have changed the outcome. And the board does have de novo review over balancing factors, if I recall the regulation correctly. Additionally, petitioner brought up failure to consider the psychological, academic, professional, and long-term health effects. Those were first mentioned in the gray brief. So, again, those are forfeited. They should have been addressed earlier on for this court to have them before the court. And again, this is also with the—talking about the PTSD for the mother, the brother's issues, the licensed clinical social worker, and so forth. All right. All right. If the court has no further questions. Thank you very much, Commissioner Pratt. The Attorney General respectfully requests that this court deny the petition for review. Thank you. Thank you, Your Honors. There's a few issues brought up with my opposing counsel that I'd like to address. First, on the question of forfeiture for the fact-finding, in the opening brief at page 18, the petitioner clearly argued that the immigration judge did not identify any inconsistency and that the BIA had erred in asserting there was a factual error. Why they didn't say the words improper fact-finding, this issue was squarely put before the court. And second, if this were a case that was just about the judgment and factual findings underlying the judgment of exceptional and extremely unusual hardship, that is one question. But the separate issue is Lemus Escobar, even post-Wilkinson, had held whether the agency disregarded evidence or misapplied the law remains a question of law that is reviewed de novo. Let me ask you, your opposing counsel made a point of noting that the BIA's decision goes on to say at the top of page AR4, even if this evidence had been admitted, and then the BIA goes on to reach a conclusion. So even if we accepted everything you've said in your argument and thought that there was improper for the IJ to exclude the evidence and the BIA to affirm that, the BIA then goes on and says, even if considered, here's the problem. So doesn't that alternative finding undercut your argument? I mean, if the evidence were considered, they consider it, and then they say why they wouldn't grant cancellation of removal. To the extent that the BIA considered factors that the IJ never addressed, that also smacks of improper fact-finding. But even if it were able to re-weigh the evidence before the IJ ever did, my opposing counsel points to only three factors that the agency actually considered, the current economic situation, educational situation, and current medical status of the son. Under the matter of Monterell's cumulative hardship assessment, that is wholly insufficient because there's other evidence in the record specifically addressed by Dr. Werner and the other record evidence that talk about the psychological impacts of removal that was never addressed by the BIA. That also is legal error under Tukovanich to not consider that in a hardship analysis. The First Circuit and Cortez recently also remanded on a similar legal error. Just to be clear, when you talk about psychological evidence, you're talking about the petitioner's wife's issues from her prior abuse? And also the stress that removal will cause to the sons in light of their family's specific circumstances. The other independent evidence in the record is a medical study that talks about acute and chronic stress in children, exacerbates asthma, and leads to higher morbidity of asthma in children. So is it your position that the agency needed to list that evidence? Because they did conclude that while the family members would experience stress and anxiety and emotional injuries from petitioner's removal, it was no more than what you would expect. So they did address it. But they never addressed the experts' predictive opinions. And the Fourth Circuit recently remanded in a similar case, a cancellation case, where they said that even where the agency had considered some evidence in the record from a testimony, I believe, from a social worker, the agency's failure to address an expert's predictive opinions. Because a future hardship analysis is necessarily future-looking, the failure to address future hardships is a legal error under this Court's precedent in Figueroa, and the Fourth Circuit similarly remanded on that issue in Cortez. Okay. So you're a bit over, if you want to just wrap up. For these reasons, Your Honors, we ask that the Court grant the petition for review, remand this case to the BIA with instructions that it remand to the IJ for the immigration judge to consider the expert's testimony in the first instance. Thank you. Thank you. Thank you, Counsel Both, for your arguments this morning. Ms. Bradley, I see that you're appearing pro bono. We appreciate your service to the Court. And, Mr. Pryby, I understand that the government is shut down, and so we appreciate your participation in being here this morning during those difficult circumstances. And this case is submitted.
judges: GRABER, BADE, LEE